UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN L. FAGER, et al., | CASE NO. C14-5940 RJB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| OLYMPIC PENINSULA NARCOTICS ENFORCEMENT TEAM, et al., | |
| Defendants. | |

The Plaintiffs bring this action against a host of defendants based on events surrounding the search, seizure, arrest and prosecution of the Plaintiffs (except Plaintiff Ted DeBray) and the termination of Plaintiff DeBray's employment.  This matter comes before the Court on the Defendants' motions to dismiss Plaintiffs' federal claims pursuant to Fed. R. Civ. P. 12(b)(6). Dkts. 13, 14, 16, and 18.  The Court has considered the pleadings in support of and in opposition to the motions and the record herein.

1                              **Introduction and Background**

2          On December 1, 2014, the Plaintiffs Steven L. Fager, Timothy J. Fager, Cynthia A.

3   Fager, Kathleen J. Wheller, Gary L. Corman, and Ted DeBray filed the instant Complaint for

4   Violation of Civil Rights and Personal Injury.  Dkt. 1.  The Complaint alleges the following

5   salient facts:

6          On October 15, 2008, Defendants Grall, Kovatch, Apeland and Vorhies assisted DEA

7   Agent Dan Mancano while, without a warrant, he attached a real time global positioning tracker

8   on Plaintiff Gary Corman's car.  On October 29, 2008, Defendants Grall, Kovatch, Apeland and

9   Vorhies executed a thermal search warrant at Corman's home.  *Id.* at 9.  On October 31, 2008,

10  Olympic Peninsula Narcotics Enforcement Team (OPNET) detectives searched Corman's home.

11  Through the use of the positioning tracker, Corman was arrested by the City of Sequim Police

12  Department.  On October 31, 2008, Plaintiff Corman was charged with manufacturing marijuana,

13  booked into Jefferson County Jail, and subsequently released on his own recognizance.  On

14  December 8, 2008, Plaintiff Jefferson County Deputy Prosecuting Attorney DeBray (DeBray)

15  was ordered by Defendant County Prosecuting Attorney Dalzell to drop the criminal charges

16  against Corman without prejudice.   On July 13, 2009, Defendant Dalzell instructed DeBray to

17  re-file criminal charges against Corman.  DeBray did so.  On August 31, 2009, the charges

18  against Corman were again dropped.  The civil forfeiture claim remained pending until August

19  24, 2014.  Dkt. 1 at 8-11.

20         OPNET initiated an investigation of criminal activity involving Steven and Timothy

21  Fager in February 2008.  Dkt. 1 at 8.  In September 2008, Defendants Grall and Vorhies used a

22  thermal imager without a warrant on Plaintiff Steven Fager's home.  Id.  On September 24, 2009,

23  Defendants, Kovatch, Grall, Vorhies, Waterhouse and Apeland executed a thermal search

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 2

warrant on a building owned by Plaintiffs Steven and Timothy Fager located at 115 Freeman

Lane Port Townsend Washington.  Dkt. 1 at 11.  On October 8, 2009, Defendants Grall, Vorhies,

Waterhouse and Apeland executed a search warrant on the building located at 115 Freeman

Lane.  On October 9, 2009, Defendants OPNET, Benedict, Clallam County Sheriff's

Department, and Clallam County filed notice of forfeiture in Jefferson County Superior Court for

the real property and building located at 115 Freeman Lane and owned by Steven and Timothy

Fager.  On October 9, 2009, OPNET filed notice of administrative forfeiture for all of the

personal property seized from Plaintiffs Timothy and Steven Fager from 115 Freeman Lane.

Dkt. 1 at 11-12

On October 8, 2009, Defendants Vorhies and Viada executed a search warrant at the

home of Steven Fager, located at 11 Glendale Drive, Sequim, Washington.  Steven Fager was

arrested and spent one day and night in the Jefferson County Jail.  He was released on his own

recognizance only to be taken into custody again by a Clallam County where he remained

incarcerated for three days. Steven Fager's car, computers, business and personal files and

possessions, including a rare coin collection and moneys were seized.  On October 9, 2009,

Defendants OPNET, Benedict, Clallam County Sheriff's Department, and Clallam County filed

notice of forfeiture for all of the personal property seized from Steven Fager's home at 11

Glendale Drive.  Dkt, 1 at 11-12.

On October 8, 2009, Defendant Apeland executed a search warrant at the home of

Plaintiffs Timothy and Cynthia Fager, 91 Blaze Trail, Port Townsend Washington.  Timothy

Fager was arrested and spent one day and night in the Jefferson County Jail before being released

on his own recognizance.  His truck, business tools, computers, business and personal files,

moneys, and many other personal items were seized.  On October 9, 2009, Defendants OPNET,

1   Benedict, Clallam County Sheriff's Department, and Clallam County filed notice of

2   administrative forfeiture for all of the personal property seized from Plaintiffs Timothy and

3   Cynthia Fager's home.  Dkt. 1 at 12-13.

4         On October 9, 2009, at 5:55pm Defendants Grall, Vorhies, Apeland and Waterhouse

5   executed a search warrant at Plaintiff Wheller's home, located at 2449 Port Williams Road,

6   Sequim, Washington.  On October 20, 2009, OPNET filed notice of administrative forfeiture for

7   all of the personal property seized from Plaintiff Wheller's home.  Dkt, 1 at 12-13.

8         In January of 2010, Steven and Timothy Fager signed an agreement staying civil

9   forfeiture actions until the criminal case against them concluded.  Plaintiff Wheller also agreed

10  to, and signed, an agreement staying civil forfeiture actions involving her until the criminal case

11  against Plaintiffs Steven and Timothy Fager concluded.  Dkt. 1 at 13.

12        The Complaint further alleges that on November 24, 2008, a Formal Complaint was filed

13  by a Clallam County Sheriff's Detective, who detailed misconduct by his fellow OPNET

14  Detectives; i.e. Defendants  Grall, Vorhies, and Kovatch.  Dkt. 1 at 9.  This Formal Complaint

15  triggered an internal investigation into wrongdoing and illegal activity within OPNET. *Id.*  Two

16  agencies carried out investigations: (1) the Washington State Patrol and (2) Pierce County

17  Sheriff's Office.  *Id.*  In June of 2009, Plaintiff Deputy Prosecutor DeBray was informed that all

18  allegations against OPNET were cleared, no wrongdoing was found.  *Id.* at 10.  DeBray's

19  request for a copy of the report was denied.  *Id.* On August 21, 2009, Jefferson County Superior

20  Court granted Plaintiff Corman's motion to compel discovery that included the Investigative

21  Reports into OPNET.  *Id.*  DeBray filed a motion for an in-camera review of the Investigative

22  Reports to be viewed on September 1, 2009.  *Id.* at 11.  On August 31, 2009, Plaintiff DeBray

23  was instructed by Defendant Prosecuting Attorney Dalzell that if he did not resign then he would

24

be fired.  DeBray resigned.  *Id*.  The Complaint alleges that the criminal charges against Corman were dropped rather than allowing any in-camera inspection of the Investigative Reports.  *Id.*

In October of 2011, the WSP Investigative Report into OPNET was released to the Plaintiffs Steven and Timothy Fager as well as Plaintiff Corman.  Dkt. 1 at 13.

On November 14, 2011, Plaintiffs Steven and Timothy Fager filed with the Jefferson County Superior Court a Motion to Suppress.  *Id.*  The Motion referenced the Investigative Report and contains allegations nearly identical to those asserted in the instant Complaint.  Compare Dkts. 1 and 15-1

On January 9, 2013, Jefferson County Superior Court Judge Craddock Verser ruled that Defendants Grall, Kovatch, Apeland, Waterhouse, and Vorhies acted with a "reckless disregard for the truth" and suppressed all evidence obtained from the thermal and entry searches at 115 Freeman Lane.  Judge Verser also ruled the case was mismanaged to the level of governmental misconduct, evidence was destroyed while in police custody, and that OPNET Detectives trespassed on the Fager's property.  Dkt.1 at 14.  On January 13, 2013, all charges against the Steven and Timothy Fager were dismissed in Jefferson County without prejudice. Id.  On January 30, 2013 the State filed notice of appeal.  *Id*.  On March 7, 2013, all charges in Clallam County were dismissed against Plaintiff Steven Fager with prejudice.  *Id.*

On December 1, 2014, the Plaintiffs filed the instant civil action asserting common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America and the Washington State Constitution and laws of the State of Washington.  Dkt. 1 at 2.  The Defendants move for dismissal of the federal causes of action on the basis that they are barred by the applicable statute of limitations, fail to state a claim for relief, and/or are not ripe.

1  Defendants request that the Court also decline pendent jurisdiction over the remaining state law

2  claims.  Dkts. 13, 14, 16, and 18.

3  **Fed. R. Civ. P. 12(b)(6) Standard**

4    A Rule 12(b)(6) dismissal may be based on either a " lack of a cognizable legal theory or

5  the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside*

6  *Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008).  In other words, the plaintiff's

7  complaint must provide a "short and plain statement of the claim showing that plaintiff is entitled

8  to relief. *Id*. (*citing* Fed. R. Civ. P. 8(a)(2)).

9    To survive a motion to dismiss, a complaint must contain sufficient factual matter,

10  accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.

11  662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial

12  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged.  Threadbare recitals of the

14  elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*,

15  556 U.S. at 678; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The pleading standard of Fed. R.

16  Civ. P. 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."

17  *Iqbal*, 556 U.S. at 678.

18    In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all

19  non-conclusory factual allegations as true, and determines whether those non-conclusory factual

20  allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at

21  677–684; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

22    On a motion for judgment on the pleadings, the court may consider documents relied on

23  in a complaint without converting the motion to one for summary judgment.  *Lee v. City of L.A.*,

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 6

1    250 F.3d 668, 688-89 (9th Cir. 2001).  A court may consider evidence on which the complaint

2    'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the

3    plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Fed. R.

4    Civ. P. 12(b)(6) motion.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may treat

5    such a document as "part of the complaint, and thus may assume that its contents are true for

6    purposes of a motion to dismiss under Rule 12(b)(6)."  *United States v. Ritchie*, 342 F.3d 903,

7    908 (9th Cir.2003).  See *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998)(Even if the

8    plaintiff's complaint does not explicitly refer to documents, if plaintiffs predicate their claims on

9    those documents, defendants may rely on them).  Further, pursuant to Fed. R. Evid. 201, a court

10   may take judicial notice of "matters of public record" without converting a motion to dismiss

11   into a motion for summary judgment.  *Mack v. South Bay Beer Distrib., Inc*., 798 F.2d 1279,

12   1282 (9th Cir. 1986).

13                    **Statute of Limitations and 42 U.S.C. §1983**

14          42 U.S.C. §1983 provides a cause of action against persons acting under color of state

15   law who have violated rights guaranteed by the Constitution or federal statutes.  *Wilder v.*

16   *Virginia Hosp. Ass'n*., 496 U.S. 498 (1990). To state a § 1983 claim, a plaintiff must allege

17   conduct that violated his constitutional rights was "under color of state law."  *Lopez v. Dept. of*

18   *Health Servs.,* 939 F.2d 881, 883 (9th Cir. 1991)

19          Fed. R. Civ. P. 12(b)(6) is the appropriate mechanism by which to dispose of a case on

20   statute of limitations grounds.  Such a defense may serve as a basis for dismissal under Rule

21   12(b)(6) when the time alleged in the complaint shows that the action was not brought within the

22   statutory period.  A claim may be dismissed for failing to state a claim on the ground that it is

23   barred by the applicable statute of limitations only when "the running of the statute is apparent

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 7

1   on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d

2   954, 969 (9th Cir. 2010); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

3        Federal courts apply state statutes of limitations for personal injury actions in evaluating

4   claims brought under 42 U.S.C. § 1983.  See *Wallace v. Kato*, 549 U.S. 384, 387 (2007);

5   *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011).  State law

6   governs not only the length of the limitations period, but also issues of tolling.  *Wilson v. Garcia,*

7   471 U.S. 261, 269 (1985).  The statute of limitations for personal injury actions in Washington is

8   three years.  RCW 4.16.080; *Bagley v. CMC Real Estate Corp*., 923 F.2d 758, 760 (9th Cir.

9   1991).

10        To determine when a statute of limitations period begins to run, the court must look to

11   federal law to see "when a claim accrues."  *Johnson v. California*, 207 F.3d 650, 653 (9th Cir.

12   2000). Under federal law, a claim accrues when the plaintiff knows or should have known of the

13   injury.  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *RK Ventures, Inc. v. City of Seattle,*

14   307 F.3d 1045, 1058 (9th Cir. 2002).  Accrual is the date on which the statute of limitations

15   begins to run; under federal law, a claim accrues when the plaintiff knows or has reason to know

16   of the injury which is the basis of the action.  *Lukovsky v. City and County of San Francisco,* 535

17   F.3d 1044, 1048 (9th Cir. 2008).  Once a person has notice or information sufficient to put a

18   reasonable person on inquiry, the limitations period begins to run.  *Braxton–Secret v. A. Robins*

19   *Co*., 769 F.2d 528, 530 (9th Cir.1985)

20        Claims arising out of police actions toward a criminal suspect, such as arrest,

21   interrogation, or search and seizure, are presumed to have accrued when the actions actually

22   occur.  See *Kreines v. United States*, 959 F.2d 834, 836 (9th Cir. 1992).  Claims for false arrest

23   or illegal search and seizure are discrete and complete upon occurrence and are deemed to have

24

accrued when the wrongful act occurs.  *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983).

Claims for false arrest accrue on the date of the alleged wrongful arrest.  *Davis v. Harvey*, 789

F.2d 1332, 1333 n. 1 (9th Cir. 1986); see also *Pearce v. Romeo*, 299 Fed. Appx. 653, 655 (9th

Cir. 2008) (An injury from an illegal search and seizure accrues when the act occurs).

        The instant Complaint was filed on December 1, 2014.  In order to be within the three

year statute of limitations, Plaintiffs' 42 U. S. C. § 1983 claims must have accrued after

December 1, 2011.  Here, the Complaint alleges unconstitutional searches, seizures, and arrests

occurring in 2008 and 2009.  These events occurred well outside the applicable statute of

limitations.  Plaintiff DeBray's cause of action for retaliatory and wrongful discharge in violation

of 42 U.S.C. § 1983 is also subject to the running of the statute of limitations as the Complaint

makes it is clear DeBray had knowledge of his alleged injuries and who inflicted those alleged

injuries in August 2009.

        This does not necessarily end the analysis, as Plaintiff's argue that equitable tolling is

appropriate.  See Dkt. 42 at 9-12.  When on the face of a complaint an action is barred by the

statute of limitations, the burden of alleging facts which would give rise to tolling falls upon the

plaintiff.  *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

        The Complaint alleges that Plaintiffs did not have "salient factual information" relevant

to their claims until "early 2013" because of "Defendants' well-coordinated and wrongful

conduct" constituting a cover up of the constitutional violations against Plaintiffs.  Dkt. 1 at 6-7.

Plaintiffs assert that that they did not have the requisite knowledge of these violations to their

rights to bring legal action until January of 2013 when Superior Court Judge Verser entered the

suppression ruling.  Dkt. 42 at 11-12.  Plaintiffs also argue that the statute of limitations should

1  be tolled because Defendants' conduct consisted of a continuing violation of their rights.  Dkt. 42

2  at 12-15.

3      Equitable tolling is a remedy that permits a court to allow an action to proceed when

4  justice requires, even though the statutory time period has elapsed.  *State v. McLean*, 150 Wn.2d

5  583, 591, 80 P.3d 587 (2003).  The predicates to equitable tolling are bad faith, deception, or

6  false assurances by the defendant and the exercise of diligence by the plaintiff.  *In re Bonds*, 165

7  Wn.2d 135, 141 (2008); *Benyaminov v. City of Bellevue*,144 Wn.App. 755, 760-61 (2008).

8  Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a

9  garden variety claim of excusable neglect.  *Benyaminov*, at 761.  Where equitable tolling applies,

10  the statute of limitations only tolls until the plaintiff learns, or through due diligence should have

11  learned, the facts the defendant has concealed.  *Finkelstein v. Sec. Prop., Inc*., 76 Wn.App. 740

12  (1995).

13      Even in the event Plaintiffs could establish that Defendants' conduct warranted the

14  application of equitable tolling the statute of limitations would only be tolled until Plaintiffs

15  learned, or through due diligence should have learned, the facts the Defendants concealed.

16  These "concealed" facts were known to Plaintiffs, or should have been known, on October of

17  2011, when Plaintiffs obtained a copy of the Investigative Report into OPNET, or at the latest

18  November 14, 2011, when the Plaintiffs' filed the motion to suppress.  These events occurred

19  more than three years prior to the filing of the Complaint and as such do not save the federal

20  claims from being barred by the statute of limitations.

21      Additionally, Plaintiffs allege that "continuing violations of constitutional rights" applies

22  to Defendants' conduct as an exception to the rule that the statute of limitations is triggered when

23

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 10

1   the act about which a plaintiff complains occurs.  Dkt. 42 at 12-15.  The Court finds these

2   arguments to be without merit.

3   First, the Supreme Court has held that the statute of limitations runs separately from each

4   discrete act.  Discrete acts are not actionable if time barred, even when they are related to acts

5   alleged in timely filed charges.  *AMTRAK v. Morgan*, 536 U.S. 101, 128 (2002).  See also

6   *Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara,* 344 F.3d 822, 829 (9th Cir. 2003).

7   Here, each of Plaintiff's claims of termination, seizure, or arrest was discrete and

8   independently actionable well over three years ago.  See e.g., *Venegas v. Wagner,* 704 F.2d

9   1144, 1146 (9th Cir. 1983)(Where false arrest or illegal search and seizure is alleged, the conduct

10  and asserted injury are discrete and complete upon occurrence, and the cause of action can

11  reasonably be deemed to have accrued when the wrongful act occurs).  Plaintiffs cannot establish

12  liability for events occurring more than three years before the filing of this Complaint under a

13  continuing violation theory.   See *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th

14  Cir. 2002); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004).

15  Further, Plaintiffs have submitted no evidence specific to the Defendants showing their

16  actions constituted a "continuing violation."   In the Ninth Circuit, a "continuing violation is

17  occasioned by continual unlawful acts, not by continual ill effects from an original violation."

18  *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).  Application of the continuing violation

19  doctrine requires "repeated instances or continuing acts of the same nature, as for instance,

20  repeated acts of sexual harassment or repeated discriminatory employment practices."  *Sisseton–*

21  *Wahpeton Sioux Tribe of Lake Traverse Indian Reservation*, 895 F.2d 588, 597 (1990).  Here the

22  actions which constituted the alleged violations of constitutional rights all occurred well over

23

24

1    three years prior to the filing of the Complaint.  Plaintiffs' federal claims are barred by the statute

2    of limitations.

3                             **Plaintiff Ted DeBray's Federal Claims**

4           Plaintiff DeBray alleges a cause of action for retaliatory and wrongful discharge in

5    violation of 42 U.S.C. § 1983. Dkt. 1 at 24-25.  In support of his claim, Mr. DeBray alleges

6    Jefferson County and Jefferson County Prosecuting Attorney Juelanne Dalzell forced him to

7    resign for attempting to provide court ordered exculpatory evidence for in-camera review.  *Id.*

8    DeBray's alleged forced resignation occurred on August 31, 2009. Dkt. 1 at 11.

9           It is evident from the Complaint that DeBray had knowledge of his alleged injuries and

10   who inflicted those alleged injuries at the time the incidents, August 31, 2009.  DeBray's claim is

11   time barred.  Even were the Court to consider Plaintiff's argument that the claim did not accrue

12   until DeBray had knowledge of the purported wrongdoing of the Defendants, this information

13   was available no later than November 14, 2011, and the claim is nonetheless barred by the statute

14   of limitations.

15                           **Plaintiff Gary Corman's Federal Claims**

16          Plaintiff Corman alleges the following claims under 42 U.S.C. § 1983: (1) violation of

17   the Fourth Amendment, (2) malicious prosecution- Fifth and Fourteenth Amendments, and (3)

18   violation of his due process rights.  Dkt. 1 at 25-29.  In support of his Fourth Amendment claim,

19   Mr. Corman makes the following allegations: a GPS was attached to his car without a warrant

20   from October 15, 2008 to October

21   31, 2008; a thermal search of his home was conducted pursuant to a warrant on October 29,

22   2008; a search of his home was conducted on October 31, 2008; and he was arrested on October

23

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 12

1    31, 2008, charged with manufacturing marijuana, and released on his own recognizance on

2    November 3, 2008.  Dkt. 1 at 8-9.

3           As previously noted, any claim for unlawful search, seizure, or arrest under the Fourth

4    Amendment accrues on the date the alleged wrongful act occurs.  All of the purported acts

5    occurred beyond three years of the filing of the Complaint and the Fourth Amendment claims are

6    barred by the statute of limitations.  Even were the Court to consider a later date, it is evident

7    from the Complaint that Corman was at the very least aware of the facts alleged in the Complaint

8    no later than November 14, 2011.  The causes of action remain barred by the three year statute of

9    limitation.

10         Corman alleges a malicious prosecution claim under the Fourth, Fifth and Fourteenth

11    Amendments.  Dkt. 1 at 28-29.  With regard to the Fourteenth Amendment, there is no

12    substantive right under the Due Process Clause to be free from criminal arrest or prosecution

13    without probable cause.  *Albright v. Oliver,* 510 U.S. 266, 268 (1994) (plurality).  Corman fails

14    to state a malicious prosecution claim premised on the Fourteenth Amendment.  With regard to

15    the Fifth Amendment, the Supreme Court has stated that the Fifth Amendment "may not furnish

16    the constitutional peg on which to hang… [the] tort [of malicious prosecution]."  *Id*. at 270 n.4.

17    Further, the Ninth Circuit has plainly held that the Due Process Clause of the Fifth Amendment

18    applies only to actions of the federal government—not to those of state or local governments.

19    Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Corman fails to state a malicious

20    prosecution claim premised on the Fifth Amendment.

21         The Complaint fails to allege facts that would support a Fourth Amendment claim for

22    malicious prosecution.  All of Mr. Corman's allegations with respect to the purported Fourth

23

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 13

1   Amendment violation occurred prior to his arraignment and do not support a claim of malicious

2   prosecution.

3       Even assuming Corman could state a claim for malicious prosecution under § 1983, the

4   claim is barred by the statute of limitations.  A malicious prosecution claim under § 1983

5   stemming from a criminal charge accrues upon termination of the criminal proceeding in

6   plaintiff's favor.  *RK Ventures, Inc, v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002).

7   The criminal action was dismissed on August 31, 2009.  Dkt. 1 at 11.  The three year statute of

8   limitations ran on August 31, 2012, and the cause of action is barred.

9       To the extent Corman alleges a due process claim under the Fifth and Fourteenth

10  Amendments, the 'factual' assertions that Corman makes in support of this claim are the same as

11  those in support of his Fourth Amendment claim.  See Dkt. 1 at 28.  A constitutional claim that is

12  covered by a specific constitutional provision, such as the Fourth Amendment, must be analyzed

13  under that specific provision rather than the rubric of due process. *Graham v. Connor*, 490 U.S.

14  386, 394 (1989).  Corman's due process claim rests on the same allegedly wrongful search,

15  seizure, and arrest on which his Fourth Amendment Claim is premised  Thus, Corman cannot

16  maintain a separate due process claim under the Fifth or Fourteenth Amendment.

17      Further, due process is violated the moment the harm occurs and accordingly the statute

18  of limitations on a due process claim begins to accrue as soon as the government action occurs.

19  *Macri v. King County*, 126 F.3d 1125, 1129 (9th Cir. 1997).  Corman's due process claim arises

20  out of alleged harm that is claimed to have occurred in 2008 and that he was well aware of, at the

21  latest, on November 17, 2011.  Thus, the due process claim filed December 1, 2014, more than

22  three years after November 17, 2011, is barred by the statute of limitations.

23      Moreover, a prosecutor is immune from liability under Section 1983 when engaging in

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 14

1   activities intimately associated with the judicial phase of the criminal process.  *Imbler v.*

2   *Pachtman*, 424 U.S. 409, 430 (1976).  Prosecutors Dalzell, Kelly, and Nichols' alleged decisions

3   to prosecute are therefore subject to absolute immunity and cannot serve as the basis for § 1983

4   liability.  Nor can Corman maintain a malicious prosecution claim under § 1983 cannot be

5   maintained against the Prosecutors for civil *in rem* forfeiture proceedings.  See *Paskaly v. Seale*,

6   506 F.2d 1209, 1212 (9th Cir. 1974).

7                              **Plaintiff Steven Fager's Federal Claims**

8           Plaintiff Steven Fager alleges the following claims under 42 U.S.C. §1983: (1) violation

9   of the Fourth Amendment, (2) malicious prosecution - Fifth and Fourteenth Amendments, and

10   (3) violation of his due process rights.  Dkt.  1 at 21-29.  Fager alleges the following in support

11   of his Fourth Amendment claim: a thermal image search performed on is home in September

12   2008 without a warrant; the execution of a thermal imaging search warrant for 115 Freeman

13   Lane on September 24, 2009; the execution of a search warrant for 115 Freeman Lane on

14   October 8, 2009; the execution of a search warrant for 11 Glendale Drive on October 8, 2009; his

15   arrest on October 8, 2009 (id.); the seizure of Mr. Steven Fager's property on October 8, 2009;

16   and that Judge Verser granted a motion to suppress the evidence obtained in these searches.  Dkt.

17   1 at 8-14.

18           As evident in the Complaint, Fager had knowledge of the critical facts of his alleged

19   injuries caused by the alleged constitutional violations, and who inflicted those alleged injuries,

20   as of the time of the incidents about which he is complaining; i.e. 2008 and 2009.  The statute of

21   limitations ran on Fager's Fourth Amendment claim long before the Complaint was filed.

22           Alternatively, Fager had knowledge of the critical facts of his alleged injuries at least by

23   November 14, 2011, when he filed a motion to suppress evidence.  Again, Fager did not file the

24

1 | instant Complaint until more than three years had expired. The Fourth Amendment claim is

2 | barred.

3 | The 'factual' assertions Fager makes in support of his malicious prosecution claim that

4 | criminal and civil actions were initiated against him without probable cause are the same as those

5 | he makes in his stand-alone Fourth Amendment Claim under § 1983.  See Dkt. 1 at 28-29.  For

6 | the same reasons as regards to Defendant Corman, Fager cannot maintain a claim for malicious

7 | prosecution.  Additionally, Fager has not pleaded sufficient facts to show that there was a

8 | favorable termination of the prosecution against him.  Dismissal of charges due to the

9 | exclusionary rule does not qualify as a favorable termination for the purpose of malicious

10 | prosecution.  See *Pattiz v. Minye*, 61 Cal.App.4th 822, 826 (1998); *Brin v. Stutzman*, 89 WnApp.

11 | 809, n.2 (1998).

12 | Moreover, Prosecutors Dalzell,  Kelly, and Nichols' alleged decisions to prosecute are

13 | subject to absolute immunity and cannot serve as the basis for § 1983 liability.  Additionally, a

14 | malicious prosecution claim under § 1983 cannot be maintained against the Prosecutors for civil

15 | *in rem* forfeiture proceedings.

16 | Fager's due process claims are subject to dismissal on the same basis as those of Plaintiff

17 | Corman.  Fager cannot bring separate Fifth and Fourteenth Amendment claims based on

18 | allegedly wrongful search, seizure, and arrest that made up the basis for a Fourth Amendment

19 | claim.  Further, any such claim is barred by the statute of limitations.

20 | **Plaintiff Timothy Fager's Federal Claims**

21 | Plaintiff Timothy Fager, asserts the following federal claims under 42 U.S.C. § 1983: (1)

22 | violation of the Fourth Amendment, (2) malicious prosecution– Fifth and Fourteenth

23 | Amendments, and (3) violation of his due process rights. Dkt. 1 at 21-29.  Mr. Timothy Fager's

24 |

1    Fourth Amendment claims are premised on the following allegations: the execution of a thermal

2    imaging search warrant for 115 Freeman Lane on September 24, 2009; the execution of a search

3    warrant for 115 Freeman Lane on October 8, 2009; the execution of a search warrant for

4    Timothy Fager's home (91 Blaze Trail) on October 8, 2009 and the seizure of personal property

5    during the execution of the warrant; the arrest of Mr. Timothy Fager on October 8, 2009 and

6    subsequent release on October 9, 2009.  Dkt. 1 at 11-12.

7            The analysis is the same for Timothy Fager as is that for his brother, Steven Fager, and

8    Corman. The causes of action for violation of the Fourth Amendment, Fifth Amendment,

9    Fourteenth Amendment, and due process are time-barred.  See *Id.*

10                              **Plaintiff Cynthia Fager's Federal Claims**

11           Plaintiff Cynthia Fager asserts the following federal claims under 42 U.S.C. § 1983: (1)

12   violation of the Fourth Amendment, (2) malicious prosecution – Fifth and Fourteenth

13   Amendments, and (3)violation of his due process rights. Dkt. 1 at pp. 21-29.  Cynthia Ms. Fager

14   alleges the following in support of her Fourth Amendment claims: a search warrant was executed

15   for her home at 91 Blaze Trail an October 8, 2009, and she was interrogated at her work by fully-

16   armed officers in SWAT gear.  Dkt. 1 at 12.

17           For the same reasons as set forth previously in regards to the other Defendants, Cynthia

18   Fager's federal claims are subject to dismissal.  The statute of limitations has run on her claims.

19   She was not subject to prosecution and cannot maintain a malicious prosecution claim under 42

20   U.S.C. §1983.  See *Id*.  Nor is she entitled to maintain a malicious prosecution claim under §

21   1983 for civil in rem forfeiture proceedings.  See *Id.*

22

23

24

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 17

**Plaintiff Kathleen Wheller's Federal Claims**

Plaintiff Wheller asserts the following federal claims under 42 U.S.C. § 1983: (1) violation of the Fourth Amendment, (2) malicious prosecution, and (3) violation of her due process rights. Dkt. 1 at 21-29. Wheller alleges the following in support of her Fourth Amendment claim: a search warrant for her person and home (2449 Port Williams Road) was executed an October 9, 2009; while the search was being conducted, she was placed under arrest, questioned, and then released an hour later; she was not criminally prosecuted; she was provided a copy of the search warrant without an affidavit of probable cause; and a copy of the search warrant was filed with the court seven days after the search without an affidavit of probable cause Dkt. 1 at 17-19.

For the same reasons applicable to Plaintiffs Fagers and Corman, Plaintiff Wheller's Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and due process claims are time-barred. See *Id.* Wheller cannot maintain a malicious prosecution claim under § 1983 for civil in rem forfeiture proceedings. *Id.; Paskaly*, 506 F.2d at 1212. She was not criminally prosecuted and for that reason alone her claim for malicious prosecution under § 1983 must be dismissed.

**State Law Claims**

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).  Here, the Court has dismissed all federal claims over which it has original jurisdiction and only state law claims remain.  This matter is in the early stages of litigation and any remaining claims would involve the interpretation of state law, with no complicating federal questions.  The Court will decline to exercise supplemental jurisdiction.

## Conclusion

Plaintiffs' federal claims are barred by the applicable statute of limitations, and/or fail to state a claim for relief.  For these reasons, all Defendants are entitled to dismissal of all federal claims of the Plaintiffs.  Any attempted amendment of the Complaint would be futile.  The Court will decline pendent jurisdiction over the remaining state law claims.

Therefore, it is hereby **ORDERED**:

1.   Defendants' motions to dismiss pursuant to Rules 12(b)(6) (Dkts. 13, 14, 16, and 18) are **GRANTED** and Plaintiffs' federal claims in their entirety are **DISMISSED WITH PREJUDICE.**

2.  The Court declines to exercise supplemental jurisdiction over the state law claims and they are **DISMISSED WITHOUT PREJUDICE** to refile in state court.

Dated this 30th day of January, 2015.

ROBERT J. BRYAN
United States District Judge